IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JULIO IVAN VILLANUEVA MACHADO, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. CIV-25-1315-PRW |
| RUSSELL HOLT, *et al.*, | ) ) ) |
| Respondents. | ) |

### ORDER

Before the Court is a Report and Recommendation (Dkt. 11), which recommends that the Court grant in part Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) and order Respondents to either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release him. Respondents timely objected (Dkt. 12) and then Petitioner filed a Notice of Supplemental Authority and Class Membership (Dkt. 13), prompting Respondents to file a Motion to Dismiss (Dkt. 14). For the reasons given below, the Court declines to adopt the Report and Recommendation (Dkt. 11), **DENIES** the Petition (Dkt. 1), and **DENIES** the Motion to Dismiss (Dkt.14) **AS MOOT**.

### *Background*

This is a habeas claim, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner illegally entered the United States in or about 2015, without first being inspected or admitted.[2]

---

[1] "Challenges to immigration detention are properly brought directly through habeas." Report and Recommendation (Dkt. 11), at 3 (quoting *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004)).

[2] R&R (Dkt. 11), at 2.

Petitioner represents that his residency in the United States has continued uninterrupted for approximately ten years.[3] On August 22, 2025, ICE arrested Petitioner and placed him in removal proceedings pursuant to 8 U.S.C. § 1229a and detained him pursuant to 8 U.S.C. § 1225(b)(2)(A) because he entered the country without inspection.[4] Petitioner, however, believes he is detained pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and permits bond when detention occurs, and thus he requests that he either receive a detention hearing or be released.

### *Legal Standard*

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[5] An objection is "proper" if it is both timely and specific.[6] A specific objection "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."[7] Additionally, "[a]n 'objection' that merely reargues the underlying motion is little different than an 'objection' that simply refers the District Court back to the original motion papers; both are insufficiently specific to preserve the issue for de novo review."[8] In the absence of a proper

---

[3] *Id.*

[4] *Id.*

[5] Fed. R. Civ. P. 72(b)(3).

[6] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996).

[7] *Id.* (citation and internal quotation marks omitted).

[8] *Vester v. Asset Acceptance, L.L.C.*, No. 1:08-cv-01957-MSK-LTM, 2009 WL 2940218, at *8 (D. Colo. Sept. 9, 2009) (citing *One Parcel of Real Prop.*, 73 F.3d at 1060).

objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.[9]

*Analysis*

I. **Petitioner is detained under 8 U.S.C. § 1225(b)(2).**

For the reasons given in the Court's Order in *Sosa v. Holt*, the Court finds that, because Petitioner entered the United States without admission or inspection, he is properly detained pursuant to 8 U.S.C. § 1225(b)(2).[10]

II. **Petitioner has failed to show a due process violation.**

Petitioner has been in ICE custody since August 22, 2025.[11] As in *Sosa*, "Petitioner's half-hearted due process claim merely quotes the Fifth Amendment, points to a short, non-doctrinal snippet from *Zadvydas v. Davis*, and then quite conclusory states that he has a fundamental liberty interest in 'being free from official restraint[,]'" and that he suffers a violation of his right to due process in not receiving a bond redetermination hearing.[12] *Zadvydas* states that a six-month detention period is presumptively constitutional before the government must release a removable alien who shows "that there is no significant likelihood of removal in the reasonably foreseeable future[.]"[13] The Court accordingly denies Petitioner's premature due process claim.

---

[9] *Summers v. State of Utah*, 927 F.2d 1165, 1167–68 (10th Cir. 1991).

[10] *See Sosa v. Holt*, Case No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026).

[11] R&R (Dkt. 11, at 2).

[12] *Sosa*, at *5.

[13] *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

### III.   The Court is not bound by Petitioner's Supplemental Authority.

Finally, Petitioner filed a Notice of Supplemental Authority, arguing that Petitioner is a member of a class certified by the United States District Court for the Central District of California and is therefore entitled to the declaratory relief extended to class members in *Maldonado Bautista v. Santacruz*.[14] Petitioner contends that this Court is bound by the *Maldonado Bautista* orders. He is wrong. First, the Court finds that the *Maldonado Bautista* orders improperly merge a class action with a habeas action. Second, the *Maldonado Bautista* orders appear to be an attempt to circumvent Supreme Court precedent with respect to lower court limitations on universal injunctions.[15]

### A.  Habeas proceedings cannot provide class relief.

Federal Rule of Civil Procedure 23 is generally incompatible with habeas proceedings,[16] and the *Maldonado Bautista* action began as a habeas proceeding.[17] "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person

---

[14] *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).

[15] Several courts have considered the binding effect of the *Maldonado Bautista* orders. While the Court rests its disposition of this question on the incapability of Rule 23 and habeas proceedings and the Supreme Court's limitations on universal injunctions, the Court finds persuasive the well-reasoned conclusions drawn in *Calderon v. Lopez*, Case No. 25-CV-226-H, 2025 WL 3683918, (N.D. Texas, Dec. 19, 2025) with respect to the Article III infirmities of the Central District's orders and whether the Central District exceeded statutory limits on judicial review.

[16] *A.A.R.P. v. Trump*, 605 U.S. 91, 107 (2025) (Alito, J., dissenting) ("[I]t is doubtful that class relief may be obtained in a habeas proceeding.")

[17] *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 2670875, at *1 (C.D. Cal. July 28, 2025).

who holds him in what is alleged to be unlawful custody."[18] "[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."[19] Further, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'"[20] The *Maldonado Bautista* court does not have jurisdiction over the Petitioner's custodian, as that court sits in California and Petitioner is held in the Western District of Oklahoma.

Further, it is hard to imagine how Rule 23 could be stretched to provide habeas relief to a whole class. There is no historical basis for this proposition.[21] Therefore, the Court chooses not to venture forth on shaky legal ground and will not grant habeas relief based on the Central District's novel use of its power. Petitioner is welcome to seek the relief he asks for in the Central District, but "district courts in this circuit are bound by [the Tenth Circuit's] decisions and those of the United States Supreme Court—they are not bound by decisions of other district courts, much less district courts in other circuits."[22] To that end, the *Maldonado Bautista* orders amount only to persuasive authority in this action, and the

---

[18] *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885)).

[19] *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

[20] *Id.* at 442 (quoting 28 U.S.C. § 2241(a)).

[21] *A.A.R.P.* 605 U.S. at 107 (Alito, J., dissenting) ("Neither courts nor commentators have found historical support for the practice [of using class actions to seek habeas relief]. One commentator, writing in 1968, noted that 'no case has been found in which anything resembling a class action was used in habeas corpus.'" (internal citation omitted)).

[22] *United States v. Rhodes*, 834 Fed. Appx. 457, 462 (10th Cir. 2020) (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)).

5

Court finds this authority particularly unpersuasive. And because Petitioner seeks relief under § 2241, seeking relief in the Central District will be fruitless, since "[a] § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."[23]

### B. The *Maldonado Bautista* orders constitute an invalid universal injunction.

Further, the Court can't help but construe the *Maldonado Bautista* orders as they pertain to the certified class to be anything other than an end-run around Supreme Court precedent. Make no mistake what the *Maldonado Bautista* court has done here: it has attempted to settle a question of statutory interpretation for every court in the United States by certifying a class of

> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.[24]

In *Trump v. CASA, Inc.*, the Court's analysis on answering whether district courts can issue universal injunctions rested on "whether universal injunctions are sufficiently 'analogous' to the relief issued 'by the High Court of Chancery in England at the time of the adoption of the Constitution and the enactment of the original Judiciary Act.'"[25]

---

[23] *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (citing *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984)).

[24] *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025).

[25] 606 U.S. 831, 841–42 (2025) (quoting *Grupo Mexicano de Desarrolli, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318–19 (1999)).

Though the Central District styled its action as one granting declaratory relief via Rule 23, the practical effect of this ruling renders it "analogous" to the "form of relief" not "available in the High Court of Chancery in England at the time of the founding."[26] Founding-era suits in equity were between *individual* parties, and injunctions "were 'sometimes suits to retrain the actions of particular officers against *particular* plaintiffs.'"[27] What's more, the remedies in such suits "were also typically party specific."[28]

The Court acknowledges that the bill of peace was available to plaintiffs, which "allowed [courts of equity] to adjudicate the rights of members of dispersed groups without formally joining them to a lawsuit through the usual procedures."[29] And it is further true that the Supreme Court has held that the modern incarnation of the bill of peace is the Rule 23 class action mechanism.[30] But the bill of peace—and by extension the modern class action—"did not 'resolve a question of legal interpretation for the entire realm.'"[31] That is exactly what the Central District's order attempts to do.

A district court is limited to fashioning a remedy that provides *complete relief*,[32] which ought not be mistaken for *universal relief*.[33] The Central District's order, therefore,

---

[26] *Id.* at 842.

[27] *Id.* (internal citations omitted) (emphasis in the original).

[28] *Id.*

[29] *Id.* at 848 (quoting *Arizona v. Biden*, 40 F.4th 375 397 (6th Cir. 2022)).

[30] *Id.* at 849.

[31] *Id.* at 848

[32] *Id.* at 852.

[33] *Id.* at 851.

cannot justify the granting of a de facto universal injunction by the need to provide complete relief, since the parties before it do not need nationwide declaratory relief to be released from custody.

For these reasons, Petitioner is not entitled to the relief purportedly provided in the *Maldonado Bautista* orders.

## *Conclusion*

Accordingly, the Court declines to adopt the Report and Recommendation (Dkt. 11), **DENIES** the Petition (Dkt.1), and **DENIES** the Motion to Dismiss (Dkt.14) **AS MOOT**. A separate judgment will follow.

**IT IS SO ORDERED** this 13th day of January 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE